**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARK ROGERS, | |
|     Petitioner, | 3:02-cv-00342-GMN-VPC |
| vs. | **ORDER** |
| RENEE BAKER, *et al.*, | |
|     Respondents. | |

The Ninth Circuit Court of Appeals has remanded this capital habeas corpus action to this court for further consideration of claims made by the petitioner, Mark Rogers, with respect to the guilt phase of his trial, in light of potentially relevant cases decided while the case was on appeal. *See* Opinion of the Court of Appeals, July 16, 2015 (ECF No. 162), pp. 17-19. The Court of Appeals affirmed this court's grant of habeas corpus relief to Rogers regarding his death sentence. *See id*. at 1-16. Regarding the claims to be considered on remand, the Court of Appeals stated the following,:

> Turning to Rogers's many uncertified guilt-phase claims, we expand Rogers's COA, vacate the district court's denials of relief and remand for further proceedings, because the district court did not have the benefit of many potentially relevant cases decided while Rogers's appeal was pending. *See Murray v. Schriro*, 745 F.3d 984, 1002 (9th Cir. 2014) (holding that we may issue a COA if jurists of reason could debate the correctness of district court's procedural ruling or whether petitioner has been denied a constitutional right). [Footnote: Our grant of partial habeas corpus relief moots Rogers's numerous penalty-phase claims, which we do not address.] It is appropriate that the district court address the significance, if any, of those new precedents in the first instance.
>
> The district court held that several of Rogers's claims were procedurally barred, and dismissed them. After that order, the Supreme Court decided *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and we have applied *Martinez* in several cases, including *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013), *Detrich v. Ryan*, 740 F.3d 1237 (9th Cir. 2013) (en banc), and *Pizzuto v. Ramirez*, 783 F.3d 1171, 1176-78 (9th Cir. 2015). We expand the COA as to Claims 12, 14, 15, 16, 17, 18, 26, and 28, vacate the district court's dismissal of these claims, and remand them for consideration of *Martinez* and our decisions interpreting it. On remand, the district court should consider whether these claims are claims of ineffective assistance of trial or direct appeal counsel cognizable under *Martinez*, and whether Rogers can show cause and prejudice to excuse his procedural default. [Footnote: Rogers also challenges the sufficiency of the state

procedural default rule applied in his case. We decline at this time to address that sufficiency issue. Rogers may raise this challenge again in a later appeal, if not rendered moot by proceedings on remand.]

The district court also denied several claims on the merits, refusing under *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), to consider new evidence Rogers presented in support of his federal habeas petition. We expand the COA as to Claims 5, 9, and 10, vacate the district court's denial of these claims, and remand for the district court to consider our subsequent decision in *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014) (en banc), as well as the decisions in *Martinez*, *Ha Van Nguyen*, *Detrich*, and *Pizzuto*.

Finally, the district court determined that several of Rogers's claims were barred by AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d)(1), and that Rogers was not entitled to equitable tolling on those claims. While Rogers's case was pending on appeal, we decided *Sossa v. Diaz*, 729 F.3d 1225 (9th Cir. 2014). We expand the COA as to Rogers's Claims 1, 2, and 8, vacate the district court's dismissal of those claims, and remand to the district court to consider whether, in light of *Sossa*, Rogers is entitled to equitable tolling on those claims. If the district court concludes that equitable tolling is appropriate, it should consider in the first instance whether Rogers can show good cause for a stay and abeyance procedure under *Rhines v. Weber*, 544 U.S. 269 (2005). *See Blake v. Baker*, 745 F.3d 977, 984 (9th Cir.), *cert. denied*, 135 S. Ct. 128 (2014) (holding that a petitioner who showed ineffective assistance of counsel in initial post-conviction review proceedings had shown "good cause" for a stay and abeyance).

*Id*. at 17-19.

The court will set a schedule for the parties to brief the issues to be considered on remand. The briefs filed by the parties pursuant to this schedule should include any requests by the parties for leave to conduct discovery and for evidentiary hearings.

The court notes that the docket for this case is out of date regarding the identities of the respondents; the court will direct the clerk of the court to make the necessary changes in that regard. Renee Baker is the Warden of Ely State Prison, the prison where the petitioner is incarcerated. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Renee Baker will be substituted for her predecessor, E.K. McDaniel, as the respondent warden. The Attorney General of the State of Nevada is Adam Paul Laxalt. Pursuant to Rule 25(d), Adam Paul Laxalt will be substituted for Frankie Sue Del Papa as the respondent attorney general. James G. Cox is the Director of the Nevada Department of Corrections; pursuant to Rule 25(d), James G. Cox will be substituted for Jackie Crawford as the respondent director.

**IT IS THEREFORE ORDERED** that petitioner shall have **60 days** from the date of entry

of this order to file and serve a brief setting forth his position with respect to each of the issues to be addressed on the remand of this case from the court of appeals.  Thereafter, respondents shall have **60 days** to file and serve a responsive brief setting forth their positions with regard to those issues. After respondents file their responsive brief, petitioner shall have **30 days** to file a reply.

      **IT IS FURTHER ORDERED** that the Clerk of the Court shall: substitute Renee Baker for E.K. McDaniel on the docket for this case as the respondent Warden of Ely State Prison; substitute Adam Paul Laxalt for Frankie Sue Del Papa as the respondent Attorney General of the State of Nevada; and substitute James G. Cox for Jackie Crawford as the respondent Director of the Nevada Department of Corrections.

      **DATED** this 25th day of August, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court