1
2
3
4
5
6              **UNITED STATES DISTRICT COURT**

7                     **DISTRICT OF NEVADA**

8

9   MARK ROGERS,

10        Petitioner,                        3:02-cv-00342-GMN-VPC

11   vs.
                                              **ORDER**
12   TIMOTHY FILSON, *et al.*,

13        Respondents.

14   _____/

15

16   Introduction and Background

17        In this capital habeas corpus action, this court ruled on respondents' motion to dismiss on

18   March 24, 2008, granting it in part and denying it in part.  *See* Order entered March 24, 2008

19   (ECF No. 108).  The court dismissed Grounds 1, 2, 4, 8, 12, 14, 15, 16, 17, 18, 22, 25, 26, 27, 28, 29,

20   30, 31, 32, 33, 34, 35, 36, and 37 of Mark Rogers' second amended petition for writ of habeas

21   corpus (ECF No. 77).  The court found Rogers' Ground 7 to be unexhausted, and Rogers abandoned

22   that claim on April 24, 2008 (ECF No. 109).

23        After respondents answered, and the parties briefed Rogers' remaining claims, the court ruled

24   on the merits of those claims on July 8, 2011, granting Rogers' petition in part and denying it in part.

25   *See* Order entered July 8, 2011 (ECF No. 145).  The court denied Rogers relief with respect to

26   Grounds 3, 5, 6, 9, 10, 11, 13, 19, 24, and 38 of his second amended petition. The court granted

1  Rogers relief with respect to Grounds 20, 21, and 23, concerning Rogers' death sentence.

2  Accordingly, the court ordered that Rogers be granted a new penalty-phase trial, or that his death

3  sentence be vacated and a non-capital sentence imposed upon him.

4       Respondents appealed and Rogers cross-appealed (ECF Nos. 147, 149).  The Ninth Circuit

5  Court of Appeals ruled on July 16, 2015.  *See* Opinion of Court of Appeals (ECF No. 162).  The

6  court of appeals affirmed the grant of habeas corpus relief regarding Rogers's death sentence.

7  However, the appellate court remanded the case to this court for further consideration of certain of

8  Rogers' claims regarding the guilt phase of his trial, in light of potentially relevant cases decided

9  while the case was on appeal.  *See* Opinion of the Court of Appeals (ECF No. 162), pp. 17-19.

10  Regarding the remanded claims, the court of appeals stated:

11       Turning to Rogers's many uncertified guilt-phase claims, we expand Rogers's
     COA, vacate the district court's denials of relief and remand for further proceedings,
12   because the district court did not have the benefit of many potentially relevant cases
     decided while Rogers's appeal was pending.  *See Murray v. Schriro*, 745 F.3d 984,
13   1002 (9th Cir. 2014) (holding that we may issue a COA if jurists of reason could
     debate the correctness of district court's procedural ruling or whether petitioner has
14   been denied a constitutional right).  [Footnote: Our grant of partial habeas corpus
     relief moots Rogers's numerous penalty-phase claims, which we do not address.]  It is
15   appropriate that the district court address the significance, if any, of those new
     precedents in the first instance.
16
         The district court held that several of Rogers's claims were procedurally
17   barred, and dismissed them.  After that order, the Supreme Court decided *Martinez v.
     Ryan*, [566 U.S. 1], 132 S.Ct. 1309 (2012), and we have applied *Martinez* in several
18   cases, including *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013),
     *Detrich v. Ryan*, 740 F.3d 1237 (9th Cir. 2013) (en banc), and *Pizzuto v. Ramirez*, 783
19   F.3d 1171, 1176-78 (9th Cir. 2015). We expand the COA as to Claims 12, 14, 15, 16,
     17, 18, 26, and 28, vacate the district court's dismissal of these claims, and remand
20   them for consideration of *Martinez* and our decisions interpreting it.  On remand, the
     district court should consider whether these claims are claims of ineffective assistance
21   of trial or direct appeal counsel cognizable under *Martinez*, and whether Rogers can
     show cause and prejudice to excuse his procedural default.  [Footnote: Rogers also
22   challenges the sufficiency of the state procedural default rule applied in his case.  We
     decline at this time to address that sufficiency issue.  Rogers may raise this challenge
23   again in a later appeal, if not rendered moot by proceedings on remand.]

24       The district court also denied several claims on the merits, refusing under
     *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), to consider new evidence Rogers
25   presented in support of his federal habeas petition.  We expand the COA as to Claims
     5, 9, and 10, vacate the district court's denial of these claims, and remand for the
26   district court to consider our subsequent decision in *Dickens v. Ryan*, 740 F.3d 1302

1    (9th Cir. 2014) (en banc), as well as the decisions in *Martinez*, *Ha Van Nguyen*,
     *Detrich*, and *Pizzuto*.

2

3              Finally, the district court determined that several of Rogers's claims were
     barred by AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d)(1), and that
4    Rogers was not entitled to equitable tolling on those claims.  While Rogers's case was
     pending on appeal, we decided *Sossa v. Diaz*, 729 F.3d 1225 (9th Cir. 2014).  We
5    expand the COA as to Rogers's Claims 1, 2, and 8, vacate the district court's
     dismissal of those claims, and remand to the district court to consider whether, in
6    light of *Sossa*, Rogers is entitled to equitable tolling on those claims.  If the district
     court concludes that equitable tolling is appropriate, it should consider in the first
7    instance whether Rogers can show good cause for a stay and abeyance procedure
     under *Rhines v. Weber*, 544 U.S. 269 (2005).  *See Blake v. Baker*, 745 F.3d 977, 984
8    (9th Cir.), *cert. denied*, 135 S. Ct. 128 (2014) (holding that a petitioner who showed
     ineffective assistance of counsel in initial post-conviction review proceedings had
9    shown "good cause" for a stay and abeyance).

10   *Id*. at 17-19.

11             This court then ordered the parties to file briefs stating their positions with respect to the

12   issues to be resolved on remand (ECF No. 167).  Rogers filed his opening brief (ECF No. 174),

13   along with a motion for an evidentiary hearing (ECF No. 175), on April 25, 2016.  Respondents filed

14   their responsive brief (ECF No. 189) and an opposition to the motion for an evidentiary hearing

15   (ECF No. 190) on September 12, 2016.  Rogers filed a reply brief (ECF No. 198) and a reply in

16   support of his motion for evidentiary hearing (ECF No. 199) on January 18, 2017.

17             In this order, the court determines that the dismissal of Grounds 1, 2, and 8, as barred by the

18   statute of limitations, is unaffected by the court of appeals' subsequent decision in *Sossa*; those

19   claims are again dismissed.  The court determines that an answer is warranted with respect to

20   Grounds 12, 14, 15, 16, 17, 18, 26, and 28, and perhaps a supplemental answer with respect to

21   Grounds 5, 9, and 10.  The court finds that the motion for evidentiary hearing is premature, and that

22   motion will be denied, without prejudice.  The court will set a schedule set for respondents' answer

23   and Rogers' reply, and for Rogers to file a new motion for evidentiary hearing.

24   Grounds 1, 2, and 8

25             Rogers' Grounds 1, 2, and 8 were dismissed, as barred by the statute of limitations, in the

26   order entered by this court on March 24, 2008 (ECF No. 108).  The following is from that order:

For convictions that became final prior to the enactment of the AEDPA, a petitioner had until April 24, 1997, to file a federal habeas corpus petition. *Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001). That is the case here. Petitioner's conviction became final on May 19, 1986, when the United States Supreme Court denied petitioner's petition for a writ of certiorari, with respect to the ruling of the Nevada Supreme Court affirming his conviction and sentence. *See Rogers v. Nevada*, 476 U.S. 1130 (1986). Therefore, without the benefit of any tolling, the limitations period applicable to petitioner's federal habeas corpus action would have expired on April 24, 1997. *See Patterson*, 251 F.3d at 1245-46.

The AEDPA limitations period, however, is tolled while a "properly filed application" for post conviction or other collateral relief is pending before a state court. 28 U.S.C. § 2244(d)(2). A "properly filed application" is one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme*, 244 F.3d 724, 726-27 (9th Cir. 2001), quoting *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000). In *Pace v. DeGuglielmo*, 544 U.S. 408, 414 (2005), the Supreme Court held that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2), and, therefore, does not qualify for statutory tolling under that statute.

Petitioner filed a state-court post-conviction habeas corpus petition – initiating his third state habeas action – on March 24, 1997, one month before the limitations period for his federal habeas action was to expire. *See* Second Amended Petition, p. 10, ¶29; Petitioner's Exhibit 562. That state habeas petition was dismissed by the state district court on May 1, 2000. *See* Second Amended Petition, p. 21, ¶30. The Nevada Supreme Court affirmed on May 13, 2002. *See* Second Amended Petition, p. 22, ¶32; *see also* Petitioner' Exhibit 564.

In its decision affirming the dismissal of petitioner's third state habeas action, the Nevada Supreme Court ruled unequivocally that the petition had been untimely filed. *See* Petitioner's Exhibit 564, pp. 3-5. Under *Pace*, therefore, petitioner's third state habeas petition did not toll the limitations period under 28 U.S.C. § 2244(d)(2). *See Pace*, 544 U.S. at 414.

The AEDPA limitations period is also subject to equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner bears the burden of showing that equitable tolling is appropriate. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). The petitioner must establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. The resolution of the equitable tolling issue is "highly fact-dependent." *Espinoza-Matthews*, 432 F.3d at 1026; *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (*en banc, per curiam*).

Here, the Court finds that petitioner has met his burden, and that equitable tolling is warranted – but only with respect to certain of petitioner's claims.

In petitioner's second federal habeas action, on January 29, 1997, the Court entered an order addressing the issue whether petitioner's claims were exhausted in state court. *Rogers v. Angelone*, 3:93-cv-0785-ECR, docket #76. In that order, the Court found several of petitioner's claims to be unexhausted. *Id.* at 10. Consequently, the Court required petitioner to make the following election:

either (1) voluntarily dismiss his habeas petition in order pursue state remedies with respect to the unexhausted claims, or (2) abandon the unexhausted claims and proceed with only the exhausted claims. *Id*. The Court stated in the order:

> We recommend option (1) above whereby Petitioner voluntarily dismisses the petition now before this Court. Petitioner may then proceed through the Nevada state court system in order to exhaust the currently unexhausted claims. Upon properly exhausting these claims, Petitioner may seek federal habeas review of all possible grounds for relief. The advantage of this course of action is that it enables Petitioner to argue all the claims for relief in a single federal proceeding. Furthermore, a voluntary dismissal of the instant petition would not prejudice in any way Petitioner's ability to seek federal habeas corpus relief through a subsequent petition. However, Petitioner must understand that, pursuant to recently enacted federal legislation, there is a one year deadline between the time the conviction became final and the time the federal habeas corpus petition must be filed (excluding the time during which a state post-conviction petition is pending and arguably excluding the time during which a federal habeas petition is pending). Petitioner must therefore be aware that if he does not exhaust his claims in a timely manner, they may become procedurally barred in federal court.

*Id*. at 10-11. In a footnote, the Court added:

> In April 1996, Congress amended 28 U.S.C. § 2244, creating a one year deadline for the filing of a federal petition for writ of habeas corpus. Petitioner should review § 2244(d) to learn how to calculate the limitations period as well as the tolling provisions. The one year deadline begins to run from the date of the amendment (April 1996) for convictions that were final prior to April 1996.

*Id*. at 10-11, footnote 9.

The respondents moved for reconsideration of the January 29, 1997 order. *Rogers v. Angelone*, 3:93-cv-0785-ECR, docket #78. That motion was denied. *Rogers v. Angelone*, 3:93-cv-0785-ECR, docket #81.

On February 18, 1997, petitioner filed a Notice of Election of Voluntary Dismissal, electing to dismiss his second federal habeas action in order to return to state court to exhaust his unexhausted claims. *Rogers v. Angelone*, 3:93-cv-0785-ECR, docket #79. In that document, petitioner's counsel stated:

> This Court recommended that Petitioner elect Option One, a recommendation with which undersigned counsel are in agreement, and the election of which undersigned counsel, on Petitioner's behalf, hereby give notice.

*Id*. at 2. On March 6, 1997, pursuant to the Court's January 29, 1997 order, and petitioner's February 18, 1997 election, the Court dismissed petitioner's second federal habeas action without prejudice. *Rogers v. Angelone*, 3:93-cv-0785-ECR, docket #81 and #82.

Plainly, in January and February 1997, when these events transpired, the Court was proceeding with the beliefs that the applicable AEDPA one-year limitations period had been tolled while petitioner's second federal habeas action was pending, and would be statutorily tolled while petitioner litigated his claims in state court. It was with this in mind that the Court assured petitioner that "a voluntary dismissal of the instant petition would not prejudice in any way Petitioner's ability to seek federal habeas corpus relief through a subsequent petition." *See Rogers v. Angelone*, 3:93-cv-0785-ECR, docket #79, p. 10. It was also with these understandings in mind that the Court recommended that petitioner voluntarily dismiss his second federal habeas action and return to state court to exhaust his unexhausted claims. *Id*.

Some four years after the dismissal of petitioner's second federal habeas action, in *Duncan v. Walker*, 533 U.S. 167 (2001), the Supreme Court ruled that federal habeas proceedings do not toll the AEDPA statute of limitations. Then, about eight years after the dismissal of petitioner's second federal habeas action, the Supreme Court decided *Pace*, and ruled that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not statutorily toll the limitations period. These rulings undermined the understandings of the Court and the petitioner in this case, and rendered erroneous, in retrospect, the guidance the Court extended to petitioner with respect to his petition in early 1997. After *Duncan* and *Pace* were decided, petitioner unexpectedly found himself vulnerable to an argument that this action is barred by the statute of limitations, despite his good-faith reliance on the direction provided by the Court in 1997.

This Court finds that, looking at these circumstances in retrospect, petitioner was affirmatively misled by the Court's recommendation that he voluntarily dismiss his second federal habeas action, and by the Court's assurance that the voluntary dismissal would not prejudice his ability to seek federal habeas corpus relief in a subsequent petition. *Cf. Pliler v. Ford*, 542 U.S. 225 (2004); *Brambles v. Duncan*, 412 F.3d 1066 (9th Cir. 2005). The Court finds that this amounts to extraordinary circumstances, beyond petitioner's control, undermining his compliance with the statute of limitations. *See Pace*, 544 U.S. at 418. There is no indication that petitioner has been less than diligent in pursuing his appeal and his state and federal habeas petitions. *See id*.

The Court will therefore grant petitioner equitable tolling of the statute of limitations, from March 6, 1997 (the date on which his second federal habeas action was dismissed) to June 25, 2002 (the date on which the Court received his original habeas corpus petition in this, his third, federal habeas action). The equitable tolling, however, only applies to the claims pled by petitioner in his second federal habeas action, in his amended petition for writ of habeas corpus and the supplement to that amended petition, both of which were on file, and constituted the operative habeas petition in petitioner's second federal habeas action when it was dismissed. *See Rogers v. Angelone*, 3:93-cv-0785-ECR, docket #13 and #16.

Therefore, with respect to the claims pled by petitioner in his second federal habeas action, in the amended petition and the supplement to that amended petition in that action, the one-year limitations period did not begin to run until June 25, 2002, and it did not run out, absent the benefit of any other tolling, until June 25, 2003.

6

1   Order entered March 24, 2008 (ECF No. 108), pp. 6-11.  The Court went on, in the March 24, 2008,

2   order, to determine which claims in Rogers' second amended petition relate back, under *Mayle v.*

3   *Felix*, 545 U.S. 644 (2005), to claims that were timely-filed in his original petition in this action.

4   Regarding this analysis, the court stated:

5               In short, then, if a claim – or, at least, its core operative facts – was pled in the
            amended petition, or supplement to the amended petition, in petitioner's second
6           federal habeas action, and if it was also pled in the original petition in this case, the
            claim will garner equitable tolling and relation back under *Mayle*, and will not be
7           barred by the statute of limitations.  On the other hand, if the core operative facts
            underlying a claim were pled for the first time in the first and second amended
8           petitions in this case, more than 20 years after petitioner's conviction became final,
            and more than 10 years after the limitations period ran out, without the benefit of any
9           tolling, the claim is barred by the statute of limitations.

10  Order entered March 24, 2008 (ECF No. 108), pp. 11-12.  With respect to Grounds 1, 2, and 8, then,

11  the Court ruled as follows:

12              In Ground 1, petitioner claims that he was denied his constitutional right to a
            fair trial before an impartial tribunal and jury, because of the presence of members of
13          an organization known as "Posse Comitatus" on the jury and in the courtroom.
            Second Amended Petition (docket #77), pp. 37-63.

14              This claim was first stated in this action in petitioner's first and second
15          amended petitions (docket #75 and #77).

16              Petitioner argues that, "[b]ecause certain facts regarding essential claims are
            not known and because those facts are essential to several of Mr. Rogers' claims and
17          can be ascertained by the issuance of subpoenas, the AEDPA statute of limitations has
            yet to run."  Opposition to Motion to Dismiss, p. 8, lines 4-7; see also, generally, *id.*,
18          pp. 2-14.  With respect to cases where there is delay in the discovery of the facts
            underlying a claim, the habeas corpus statute provides that the limitation period runs
19          from "the date on which the factual predicate of the claim or claims presented could
            have been discovered through the exercise of due diligence."  28 U.S.C.
20          § 2244(d)(1)(D).  It is plain that petitioner is aware of "the factual predicate" for
            Ground 2; petitioner has pled Ground 2 in his first and second amended petitions, and
21          has, in those pleadings, articulated the factual predicate for the claim.

22              Petitioner also argues that Ground 1 relates back to Ground 2 in his original
            petition, submitted June 25, 2002. Petitioner asserted, in Ground 2 of the original
23          petition, that his rights were violated by the trial court's denial of his motion for
            change of venue.  Petition for Writ of Habeas Corpus (docket #11) ("Original
24          Petition"), pp. 7-8.  However, in that claim, petitioner made no mention of Posse
            Comitatus.  *Id.*  In Ground 2 of the original petition, petitioner focused on the rural
25          nature of Pershing County, the attitudes of the residents of Pershing County, and the
            notoriety of petitioner's case.  *Id.*  The Court finds that Ground 1 in petitioner's
26          second amended petition, and Ground 2 of petitioner's original petition do not share a
            common core of operative fact.  *See Mayle*, 545 U.S. at 661 (instructing that

"common core of operative facts" must not be viewed at too high a level of generality).  Ground 1 does not relate back, for statute of limitations purposes, to petitioner's original petition.

Turning to the equitable-tolling issue, the Court finds that petitioner did not assert this claim, or any claim like it, in his second federal habeas action.  In Ground 2 of the amended petition in his second federal habeas action, petitioner asserted the claim that the trial court violated his constitutional rights by not granting his motion for change of venue.  *See* Amended Petition, docket #13 in Case Number 3:93-cv-0785-ECR, pp.6-7.  However, again, that claim was not based on the same operative facts as Ground 1 in the second amended petition in this case; in the claim in his second federal habeas action, petitioner did not mention Posse Comitatus, and did not allege that any juror was a member of, or influenced by, that group.

Therefore, as is discussed above, with respect to Ground 1 in his second amended petition, petitioner does not receive the benefit of equitable tolling or relation back under *Mayle*.  Ground 1 is barred by the statute of limitations. [Footnote omitted.]

\*     \*     \*

In Ground 2 of his second amended petition, petitioner claims that he was denied his constitutional rights to due process of law, equal protection under the laws, a fair tribunal, and a reliable sentence, because of "compensatory bias" on the part of the trial judge.  Second Amended Petition, pp. 64-71.  Petitioner alleges that the trial judge was, at the time of trial, under investigation for corruption, and knew he was, and, therefore, was inclined to favor the prosecution in an attempt to conceal his corrupt activity.  *Id*.

Petitioner argues, here again, that he has yet to discover facts essential to Ground 2, and therefore the limitations period has not yet begun to run with respect to that claim.  *See* Opposition to Motion to Dismiss, pp. 2-14.  The Court finds that petitioner is demonstrably aware of "the factual predicate" for Ground 2 – that is made plain by the fact that petitioner has pled Ground 2 in his first and second amended petitions, and has, in those pleadings, articulated the factual predicate for the claim.

Petitioner also argues that Ground 2 relates back to a Ground 17 in his original petition.  See Supplement to Opposition to Motion to Dismiss, p. 4. [Footnote omitted.]  In Ground 17 of the original petition, petitioner claims that, when the jury returned a guilty verdict, following the guilt phase of his trial, the trial judge congratulated the jury and expressed that he concurred with their findings.  Original Petition, pp. 16-17.  Petitioner appears to suggest in that claim, in his original petition, that the judge's remarks prejudiced the jury against petitioner in the subsequent penalty phase of his trial.  *Id*.  The Court finds that, under *Mayle*, Ground 2 in petitioner's second amended petition does not relate back to Ground 17 in the original petition.  Ground 2 is based upon extensive facts not alleged in Ground 17 of the original petition: the investigation of the judge, and his alleged compensatory bias.  Indeed, Ground 17 in the original petition does not at all assert that the judge was generally biased; that claim asserted only that the judge made improper comments to the jury.

8

Moreover, with respect to the equitable-tolling issue, the Court finds that petitioner made no claim similar to, or based upon the same core operative facts as, Ground 2, in his amended petition or the supplement to the amended petition in his second federal habeas action.

Therefore, with respect to Ground 2, petitioner does not receive the benefit of either equitable tolling or relation back under *Mayle*. Ground 2 is barred by the statute of limitations. [Footnote omitted.]

* * *

In Ground 8, petitioner claims that he was denied effective assistance of his trial counsel, in violation of his constitutional rights, because his counsel failed to conduct an adequate investigation of the facts surrounding the murders. Second Amended Petition, pp. 173-75. Specifically, in Ground 8, petitioner alleges that his counsel failed to investigate potential evidence regarding how petitioner came to be at the residence where the murders occurred, and about petitioner's possible previous familiarity with that residence and with the victims. *Id*.

The Court finds that this claim does not relate back to the original petition in this case. There are no allegations in the original petition that relate at all to these matters. *See* Original Petition, pp. 38-42.

Furthermore, the Court finds that no comparable claim was asserted in petitioner's amended petition or the supplement to the amended petition in his second federal habeas action.

Therefore, with respect to Ground 8, petitioner does not receive the benefit of either relation back under *Mayle*, or equitable tolling. Ground 8 is barred by the statute of limitations. [Footnote omitted.]

*Id*. at 12-17 (footnotes omitted).

The court of appeals vacated the dismissal of Grounds 1, 2, and 8, and remanded, directing this court to consider whether Rogers is entitled to equitable tolling with respect to those claims in light of its intervening decision in *Sossa v. Diaz*, 729 F.3d 1225 (9th Cir. 2014).

In *Sossa*, the habeas petitioner, a *pro se* California prisoner, filed a habeas petition in federal court on February 24, 2008, but that petition contained no claims for relief. *See Sossa*, 729 F.3d at 1227. The court dismissed the petition for failure to state a claim, but granted the petitioner an opportunity amend his petition by April 11, 2008. *See id*. The limitations period for the petitioner's federal action was running, such that it would run out on May 24, 2008. *See id*. at 1228. Nevertheless, the petitioner requested two extensions of time, the State did not oppose those

9

1   requests, and the court granted them, extending the court-ordered due date for the amendment of the

2   petition past the limitations deadline, to June 9, 2008. *See id*. at 1227-28.  The petitioner filed his

3   amended petition on June 11, 2008. *See id*. at 1228.  The State moved to dismiss based on the

4   statute of limitations, and that motion was granted. *See id*.  On appeal, the court of appeals held that

5   equitable tolling was warranted on account of the lower court's granting of the petitioner's motions

6   for extensions of time. *See id*. at 1230.  The court held that the *pro se* petitioner reasonably relied on

7   the extensions of time, and was therefore entitled to "equitable tolling from March 12, 2008 (the date

8   on which the magistrate judge first set a deadline for filing a FAP) through at least June 9, 2008 (the

9   date set by the magistrate judge as the final filing deadline)." *Id*.  The court of appeals explained that

10  the petitioner "premised his request to extend the time for filing an amended petition on the

11  understanding that if the request were granted and [he] filed his amended petition by the new due

12  date, the petition would be deemed timely." *Id*. at 1233.  The court of appeals explained that, by

13  granting the petitioner's requests for extensions of time, the district court inaccurately conveyed that

14  the premise of the petitioner's requests was accurate. *Id*.  The court of appeals therefore concluded

15  that the extensions of time affirmatively misled the petitioner, mandating equitable tolling under

16  *Pliler v. Ford*, 542 U.S. 225 (2004).  *Id*.

17          This court has reviewed the record in this case, and the arguments of the parties, and

18  determines that *Sossa* does not change the statute of limitations analysis regarding Grounds 1, 2,

19  and 8.

20          As explained in the March 24, 2008, order, absent equitable tolling, the limitations period

21  for Rogers' claims, including Grounds 1, 2, and 8, expired on April 24, 1997, one year after the

22  AEDPA went into effect.  In the March 24, 2008, order, the court granted Rogers equitable tolling

23  from March 6, 1997, to June 25, 2002, but the court made clear that the "equitable tolling ... only

24  applies to the claims pled by petitioner in his second federal habeas action, in his amended petition

25  for writ of habeas corpus and the supplement to that amended petition, both of which were on file,

26  and constituted the operative habeas petition in petitioner's second federal habeas action when it was

1  dismissed." Order entered March 24, 2008 (ECF No. 108), p. 10. (The court notes that, in his

2  briefing, Rogers avoids mention of the fact that the equitable tolling granted in the March 24, 2008,

3  order applied only to claims asserted in his second federal habeas action. *See* Brief Stating Position

4  on Remand (ECF No. 174), p. 87 (excluding from quotation of March 24, 2008, order, language

5  limiting equitable tolling to claims asserted in second federal habeas action); *see also, generally*, *id*.

6  at 85-95; Reply Brief Stating Position on Remand Issues (ECF No. 198), pp. 15-19.) Grounds 1, 2,

7  and 8, were not asserted by Rogers in his second federal habeas action. Therefore, the limitations

8  period for those claims expired on April 24, 1997, long before this action was initiated. *Sossa* has no

9  impact on that. The events in this action that Rogers argues warrant equitable tolling under *Sossa*

10  occurred long after the limitations period for Grounds 1, 2, and 8 expired.

11       Moreover, the events in this action that Rogers argues warrant equitable tolling under *Sossa*

12  -- even if they could possibly have a bearing on the statute of limitations analysis with respect to

13  Grounds 1, 2, and 8 (and this court finds that they do not) -- were significantly different from the

14  circumstances in *Sossa*, and would not warrant equitable tolling for Grounds 1, 2, and 8 at any rate.

15  This was not a case where extending the time for amendment of the petition was pointless and

16  misleading unless the statute of limitations were waived. In *Sossa*, the petitioner's original *pro se*

17  petition included no grounds for relief, and extending the time for amendment in that case unfairly

18  lured the *pro se* petitioner into exceeding the limitations period and possibly forfeiting all his claims.

19  In this case, on the other hand, there were claims in Rogers' original petition, which was filed on his

20  behalf by counsel. *See* Renewed Petition for Writ of Habeas Corpus (ECF No. 11) (including 47

21  grounds for relief, some with several subclaims). Setting and extending a due date for amendment of

22  Rogers' petition beyond the limitations deadline was not misleading vis-a-vis the statute of

23  limitations. There was no presumption, or suggestion, that amendment of Rogers' petition after the

24  limitations deadline would revive claims that were already barred by the statute of limitations.

25       *Sossa* has no bearing on this court's ruling that Grounds 1, 2, and 8 are barred by the statute

26  of limitations, and those claims will be dismissed.

11

Grounds 5, 9, 10, 12, 14, 15, 16, 17, 18, 26, and 28

With respect to Grounds 12, 14, 15, 16, 17, 18, 26, and 28, the court finds that an answer is warranted.  Rogers contends that he can overcome the procedural default of those claims, under *Martinez*, 566 U.S. 1 (2012), by showing ineffective assistance of his state post conviction counsel. This issue will be best resolved after respondents file an answer, and Rogers files a reply.

With respect to Grounds 5, 9, and 10, respondents filed an answer to those claims in 2008 (ECF No. 114).  However, as that was more than eight years ago, the court will grant respondents an opportunity to supplement their answer to those claims, if they deem such to be necessary, and Rogers will be granted an opportunity to reply.

The court recognizes that some of what will appear in respondents' answer and Rogers' reply has been presented in the briefing the parties have filed.  To that extent, the drafting of the answer and reply should be largely a clerical task, not requiring a great deal of time and resources.  The court sets the schedule for the answer and reply with this in mind.

Motion for Evidentiary Hearing

The court finds that Rogers' motion for evidentiary hearing is premature.  Grounds 12, 14, 15, 16, 17, 18, 26, and 28, have not yet been placed at issue, on their merits, by the filing of an answer; the issue whether Rogers can overcome the procedural default of those claims under *Martinez* will be best resolved after there is an answer and a reply; and respondents' answer regarding Grounds 5, 9, and 10 may need to be supplemented.  The court will, therefore, deny Rogers' current motion for evidentiary hearing, without prejudice.  Rogers will be granted an opportunity to file a new motion for evidentiary hearing concurrent with his reply to respondents' answer, and the court will set a schedule for the briefing of such motion.

Here again, the court recognizes that the filing and briefing of a new motion for evidentiary hearing will be, to some extent, repetitive of the briefing of the current motion.  To that extent, the filing and briefing of the new motion will be largely a clerical task, and should not require a great deal of time or resources.

1    **IT IS THEREFORE ORDERED** that Grounds 1, 2, and 8, of petitioner's second amended

2    petition for writ of habeas corpus (ECF No. 77) are dismissed.

3    **IT IS FURTHER ORDERED** that petitioner's motion for evidentiary hearing (ECF No.

4    175) is **DENIED**, without prejudice.

5    **IT IS FURTHER ORDERED** that respondents shall, within 45 days, file an answer,

6    responding to Grounds 12, 14, 15, 16, 17, 18, 26, and 28 of Rogers' second amended habeas petition,

7    and, if respondents deem it necessary, supplementing their answer to Grounds 5, 9, and 10 of

8    Rogers' second amended habeas petition.  Thereafter, within 30 days, Rogers shall file a reply.

9    **IT IS FURTHER ORDERED** that petitioner may file a motion for evidentiary hearing in

10   conjunction with, but separately from, his reply to respondents' answer.  Respondents will then have

11   20 days to respond to that motion, and petitioner will thereafter have 15 days to file a reply in

12   support of the motion.

13   **IT IS FURTHER ORDERED** that the court will not look favorably upon any motion to

14   extend the schedule set by this order.

15

16   Dated this _____ 1 day of March, 2017.

17

18   _____

19   UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

13