# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARK ROGERS,

    Petitioner,

vs.

TIMOTHY FILSON, *et al.*,

    Respondents.

3:02-cv-00342-GMN-VPC

**ORDER**

Introduction and Background

In this capital habeas corpus action, the Court ruled on respondents' motion to dismiss on March 24, 2008, granting it in part and denying it in part. *See* Order entered March 24, 2008 (ECF No. 108). In that order, the Court dismissed Grounds 1, 2, 4, 8, 12, 14, 15, 16, 17, 18, 22, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, and 37 of Mark Rogers' second amended petition for writ of habeas corpus (ECF No. 77). In addition, the Court found Ground 7 to be unexhausted, and Rogers abandoned that claim on April 24, 2008 (ECF No. 109).

After respondents answered, and the parties briefed Rogers' remaining claims, the Court ruled on the merits of those claims on July 8, 2011, granting Rogers' petition in part and denying it in part. *See* Order entered July 8, 2011 (ECF No. 145). The Court denied Rogers relief with respect to Grounds 3, 5, 6, 9, 10, 11, 13, 19, 24, and 38 of his second amended petition. The Court granted

Rogers relief with respect to Grounds 20, 21, and 23, concerning Rogers' death sentence. Accordingly, the Court ordered that Rogers be granted a new penalty-phase trial, or that his death sentence be vacated and a non-capital sentence imposed.

Respondents appealed and Rogers cross-appealed (ECF Nos. 147, 149). The Ninth Circuit Court of Appeals ruled on July 16, 2015. *See* Opinion of Court of Appeals (ECF No. 162). The Court of Appeals affirmed the grant of habeas corpus relief regarding Rogers's death sentence. The appellate court remanded the case for further consideration of certain of Rogers' claims regarding the guilt phase of his trial, in light of potentially relevant cases decided while the case was on appeal. *See* Opinion of the Court of Appeals (ECF No. 162), pp. 17-19. Regarding the remanded claims, the Court of Appeals stated:

> Turning to Rogers's many uncertified guilt-phase claims, we expand Rogers's COA, vacate the district court's denials of relief and remand for further proceedings, because the district court did not have the benefit of many potentially relevant cases decided while Rogers's appeal was pending. *See Murray v. Schriro*, 745 F.3d 984, 1002 (9th Cir. 2014) (holding that we may issue a COA if jurists of reason could debate the correctness of district court's procedural ruling or whether petitioner has been denied a constitutional right). [Footnote: Our grant of partial habeas corpus relief moots Rogers's numerous penalty-phase claims, which we do not address.] It is appropriate that the district court address the significance, if any, of those new precedents in the first instance.
>
> The district court held that several of Rogers's claims were procedurally barred, and dismissed them. After that order, the Supreme Court decided *Martinez v. Ryan*, [566 U.S. 1], 132 S.Ct. 1309 (2012), and we have applied *Martinez* in several cases, including *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013), *Detrich v. Ryan*, 740 F.3d 1237 (9th Cir. 2013) (en banc), and *Pizzuto v. Ramirez*, 783 F.3d 1171, 1176-78 (9th Cir. 2015). We expand the COA as to Claims 12, 14, 15, 16, 17, 18, 26, and 28, vacate the district court's dismissal of these claims, and remand them for consideration of *Martinez* and our decisions interpreting it. On remand, the district court should consider whether these claims are claims of ineffective assistance of trial or direct appeal counsel cognizable under *Martinez*, and whether Rogers can show cause and prejudice to excuse his procedural default. [Footnote: Rogers also challenges the sufficiency of the state procedural default rule applied in his case. We decline at this time to address that sufficiency issue. Rogers may raise this challenge again in a later appeal, if not rendered moot by proceedings on remand.]
>
> The district court also denied several claims on the merits, refusing under *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), to consider new evidence Rogers presented in support of his federal habeas petition. We expand the COA as to Claims 5, 9, and 10, vacate the district court's denial of these claims, and remand for the district court to consider our subsequent decision in *Dickens v. Ryan*, 740 F.3d 1302

(9th Cir. 2014) (en banc), as well as the decisions in *Martinez*, *Ha Van Nguyen*, *Detrich*, and *Pizzuto*.

Finally, the district court determined that several of Rogers's claims were barred by AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d)(1), and that Rogers was not entitled to equitable tolling on those claims. While Rogers's case was pending on appeal, we decided *Sossa v. Diaz*, 729 F.3d 1225 (9th Cir. 2014). We expand the COA as to Rogers's Claims 1, 2, and 8, vacate the district court's dismissal of those claims, and remand to the district court to consider whether, in light of *Sossa*, Rogers is entitled to equitable tolling on those claims. If the district court concludes that equitable tolling is appropriate, it should consider in the first instance whether Rogers can show good cause for a stay and abeyance procedure under *Rhines v. Weber*, 544 U.S. 269 (2005). *See Blake v. Baker*, 745 F.3d 977, 984 (9th Cir.), *cert. denied*, 135 S. Ct. 128 (2014) (holding that a petitioner who showed ineffective assistance of counsel in initial post-conviction review proceedings had shown "good cause" for a stay and abeyance).

*Id*. at 17-19.

This Court then ordered the parties to file briefs stating their positions with respect to the issues to be resolved on remand (ECF No. 167). Rogers filed an opening brief in that regard (ECF No. 174), along with a motion for evidentiary hearing (ECF No. 175), on April 25, 2016. Respondents filed a responsive brief and response to the motion for evidentiary hearing on September 12, 2016 (ECF Nos. 189, 190). Rogers filed a reply brief and reply regarding his motion for evidentiary hearingon January 18, 2017 (ECF Nos. 198, 199).

In an order entered on March 2, 2017 (ECF No. 200), the Court determined that the dismissal of Grounds 1, 2 and 8, as barred by the statute of limitations, was unaffected by the Court of Appeals' subsequent decision in *Sossa*; consequently, the Court again dismissed those claims. The Court determined, further, that an answer or supplemental answer was warranted with respect to Grounds 5, 9, 10, 12, 14, 15, 16, 17, 18, 26, and 28, and the Court set a schedule for such. The Court denied Rogers' motion for evidentiary hearing, without prejudice, finding that it was premature. The Court set a schedule set for respondents' answer and Rogers' reply, and for Rogers to file a new motion for evidentiary hearing.

Respondents filed their answer, responding to Rogers' remaining claims, on May 18, 2017 (ECF No. 203). On June 7, 2017, Rogers filed a reply (ECF No. 205), along with a new motion for

evidentiary hearing (ECF No. 204). On June 20, 2017, respondents filed an opposition to Rogers' motion for evidentiary hearing (ECF No. 207), and, on July 5, 2017, Rogers filed a reply in support of that motion (ECF No. 209). On July 7, 2017, respondents filed a supplement to their answer (ECF No. 212). *See* Order entered July 11, 2017 (ECF No. 213) (granting respondents leave of court to file supplement to answer). And, on August 9, 2017, respondents filed a response to Rogers' reply to their answer (ECF No. 214).

Grounds 12, 14, 15, 16, 17, 18, 26 and 28

In the order entered on March 24, 2008, this Court dismissed Grounds 12, 14, 15, 16, 17, 18, 26 and 28, ruling those claims to be procedurally defaulted. *See* Order entered March 24, 2008 (ECF No. 108), pp. 31-40, 56. The Court of Appeals reversed that ruling, and remanded, instructing that this Court "should consider whether these claims are claims of ineffective assistance of trial or direct appeal counsel cognizable under [*Martinez v. Ryan*, 566 U.S. 1 (2012)], and whether Rogers can show cause and prejudice to excuse his procedural default." Opinion of the Court of Appeals (ECF No. 162), pp. 17-18.

In Grounds 12, 14, 15, 17, 26 and 28, Rogers claims violations of his constitutional rights by the trial court and ineffective assistance of counsel on his direct appeal to the Nevada Supreme Court and in his state post-conviction proceedings; in those claims, Rogers does not claim ineffective assistance of his trial counsel. *See* Second Amended Petition (ECF No. 77), pp. 183, 186-88, 190, 217-18, 223-25. In Grounds 16 and 18, Rogers claims ineffective assistance of his trial counsel, as well as violations of his constitutional rights by the trial court and ineffective assistance of counsel on his direct appeal to the Nevada Supreme Court and in his state post-conviction proceedings. *See Id*. at 189, 191-94.

There is no federal constitutional right to effective assistance of counsel during state post-conviction proceedings; such a claim is not a valid basis for habeas corpus relief. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). Rogers' claims of ineffective assistance of state post-

conviction counsel will be dismissed. This does not, however, prevent Rogers from arguing that ineffective assistance of his post-conviction counsel was cause for a procedural default.

In *Coleman*, the Supreme Court instructed that ineffective assistance of state post-conviction counsel generally cannot serve as cause to overcome a procedural default. *See Coleman*, 501 U.S. at 755. However, in *Martinez*, the Supreme Court established a narrow exception to that rule, holding that ineffective assistance of state post-conviction counsel may provide cause to excuse the procedural default of a claim of ineffective assistance of trial counsel. *See Martinez*, 566 U.S. at 9. The *Martinez* rule has not been extended to apply to claims other than ineffective assistance of trial counsel. The Supreme Court has expressly held that *Martinez* rule does not apply to defaulted claims of ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S.Ct. 2058, 2063-70 (2017).

Therefore, this Court's determination that Grounds 12, 14, 15, 17, 26 and 28, which include no claims of ineffective assistance of trial counsel, are procedurally defaulted, and subject to dismissal on that basis, is unaffected by *Martinez* and its progeny. Grounds 12, 14, 15, 17, 26 and 28 will be dismissed again, on procedural default grounds.

Grounds 16 and 18, too, are procedurally defaulted, and subject to dismissal, to the extent Rogers asserts, in those grounds, violations of his constitutional rights by the trial court and ineffective assistance of counsel on his direct appeal to the Nevada Supreme Court and in his state post-conviction proceedings. Rogers' claims of ineffective assistance of trial counsel in Grounds 16 and 18 are viable. The Court will, in this order, dismiss all the claims in Grounds 16 and 18 except the claims of ineffective assistance of trial counsel.

The Court will reserve its ruling on Rogers' claims of ineffective assistance of trial counsel in Grounds 16 an 18. This order is not meant to convey any opinion whatsoever with regard to the merits of Rogers' claims of ineffective assistance of trial counsel in Grounds 16 an 18.

Grounds 5, 9 and 10

With regard to Grounds 5, 9 and 10 of Rogers' second amended petition, the Court of Appeals ruled as follows:

> The district court also denied several claims on the merits, refusing under *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), to consider new evidence Rogers presented in support of his federal habeas petition. We expand the COA as to Claims 5, 9, and 10, vacate the district court's denial of these claims, and remand for the district court to consider our subsequent decision in *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014) (en banc), as well as the decisions in *Martinez*, *Ha Van Nguyen*, *Detrich*, and *Pizzuto*.

Opinion of the Court of Appeals (ECF No. 162), p. 18.

In Ground 5, Rogers claims that his constitutional rights were violated on account of ineffective assistance of his trial counsel, because his trial counsel did not adequately investigate his mental health, did not adequately consult with mental health experts, and did not use records from Lake's Crossing, a mental health facility where Rogers was twice admitted for evaluation of his competence to stand trial in order to effectively cross examine Dr. Gutride, the State's expert witness in rebuttal of Rogers' insanity defense. *See* Second Amended Petition, pp. 105-17. In the order entered July 8, 2011 (ECF No. 145), the Court applied *Cullen v. Pinholster*, 563 U.S. 170 (2011), and rejected Rogers' proffer of evidence not introduced in state court, and denied the claim in Ground 5 on its merits. *See* Order entered July 8, 2011 (ECF No. 145), pp. 12-14.

In light of *Martinez*, and the Ninth Circuit Court of Appeals' decision in *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014), the Court now determines that Ground 5, as supported by new evidence in federal court, may be procedurally viable. If the new allegations and evidence that Rogers proffers in federal court fundamentally alter the claim, and if the claim, as so altered, is now procedurally barred in state court and subject to the procedural default doctrine in this Court, Rogers may be able to overcome the procedural default by showing ineffective assistance of his state post-conviction counsel as contemplated in *Martinez*. The Court will reserve its ruling on Ground 5, and will grant Rogers an evidentiary hearing on the claim, as is discussed below. Nothing in this order is meant to convey any opinion with regard to the ultimate question of the merits of Ground 5.

In Ground 9, Rogers claims that his constitutional rights were violated as a result of the trial court's denial of his motion for change of venue, and as a result of ineffective assistance of counsel on his direct appeal and in his state post-conviction proceedings because counsel did not assert this claim. Second Amended Petition, pp. 176-78. In Ground 10, Rogers claims that his constitutional rights were violated as a result of the trial court's denial of his motion to sequester the jury, and as a result of ineffective assistance of counsel on his direct appeal and in his state post-conviction proceedings because counsel did not assert this claim. *Id*. at 179-80. In its July 8, 2011, order (ECF No. 145), the Court applied the rule of *Pinholster* and rejected Rogers' proffer of evidence not offered in state court, and denied the claims in Grounds 9 and 10 on their merits. *See* Order entered July 8, 2011 (ECF No. 145), pp. 18-27. With respect to Grounds 9 and 10, *Dickens* and *Martinez* do not change the outcome. The allegations and evidence that Rogers proffers in federal court in support of these claims, and that were not offered in state court, fundamentally alter the claims. *See Dickens*, 740 F.3d at 1316-22. Indeed, Rogers has argued as much. *See* Petitioner's Brief Stating Position on Remand Issues (ECF No. 174), pp. 41-46. Rogers has also argued -- and the Court agrees -- that, as altered by the new allegations and evidence, these claims are now procedurally barred in state court and subject to the procedural default doctrine in this action. *See Id*. at 46-47. However, with respect to Grounds 9 and 10 -- unlike Ground 5 -- *Martinez* does not provide Rogers with a means of showing cause for the procedural defaults. That is because Grounds 9 and 10 do not include any claim of ineffective assistance of trial counsel; the claims of ineffective assistance of counsel in Grounds 9 and 10 are claims of ineffective assistance of counsel on Rogers' direct appeal to the Nevada Supreme Court and in his state post-conviction proceedings. *See* Second Amended Petition, pp. 176-80. *Martinez* does not apply to claims of ineffective assistance of appellate counsel. *Davila*, 137 S.Ct. at 2063-70. Therefore, Grounds 9 and 10 will be dismissed.

///

///

///

Motion for Evidentiary Hearing

The claims remaining to be adjudicated, then, are Ground 5, and the claims of ineffective assistance of trial counsel in Grounds 16 and 18. Rogers requests an evidentiary hearing. *See* Motion for Evidentiary Hearing (ECF No. 204).

With respect to the claims of ineffective assistance of trial counsel in Grounds 16 and 18, an evidentiary hearing is unnecessary, as it appears that the resolution of the remaining claims in Grounds 16 and 18 turn on legal issues. Rogers has not identified a factual issue raised by Ground 16 or Ground 18 warranting an evidentiary hearing. The Court will deny Rogers' motion for evidentiary hearing with respect to Grounds 16 and 18.

Ground 5, however, does raise factual issues: what should Rogers' trial counsel reasonably have done to more effectively investigate Rogers' mental health and to prepare to cross examine the State's expert witness, and was Rogers prejudiced by his trial counsel's failure in this regard? Because of the procedural history of the claims in Ground 5 -- the claims were not presented in state court as they have been in federal court -- these factual issues have not previously been the subject of an evidentiary hearing. *See Townsend v. Sain*, 372 U.S. 293, 313 (1963). The Court will grant Rogers' motion for an evidentiary hearing with respect to Ground 5.

**IT IS THEREFORE ORDERED** that Grounds 9, 10, 12, 14, 15, 17, 26 and 28 of petitioner's second amended petition for writ of habeas corpus (ECF No. 77) are dismissed; in addition, all claims in Grounds 16 and 18 other than claims of ineffective assistance of trial counsel are dismissed.

**IT IS FURTHER ORDERED** that petitioner's Motion for Evidentiary Hearing (ECF No. 204) is granted in part and denied in part. The Motion for Evidentiary Hearing is granted with respect to Ground 5; the Motion for Evidentiary Hearing is denied in all other respects.

///

///

///

**IT IS FURTHER ORDERED** that the following schedule will govern the evidentiary hearing:

<u>The Evidentiary Hearing</u>

The evidentiary hearing will commence on April 23, 2018, at 9:00 a.m., in the courtroom of the undersigned United States District Judge.

<u>First Disclosure of Experts</u>

The parties will, by December 29, 2017, disclose to each other the names of any experts who will testify. Such disclosure will be made by e-mail or other informal means. The parties need not file formal notices.

<u>Second Disclosure of Experts</u>

The parties will disclose to each other the names of any rebuttal experts by January 10, 2018. Such disclosure will be made by e-mail or other informal means. The parties need not file formal notices.

<u>Disclosure of Expert Reports</u>

The parties will disclose to each other the reports of their expert witnesses by January 19, 2018. Such disclosure will be made by e-mail or other informal means. The parties need not file the reports.

<u>Pre-Hearing Briefs</u>

Rogers will submit a pre-hearing brief by February 9, 2018. Respondents will file a responsive pre-hearing brief by February 23, 2018. Rogers may file a reply to respondents' brief by March 2, 2018.

<u>Witness List and Exhibit List</u>

The parties will file witness lists and exhibit lists no later than March 16, 2018. The parties will file a joint exhibit list, listing the exhibits they agree are admissible. The parties will file separate exhibit lists, listing any exhibits that the parties do not agree are admissible.

<u>Pre-Hearing Motions</u>

The parties will file any pre-hearing motions by March 16, 2018. The schedule for the briefing of such motions will be pursuant to LR 7-2(b).

<u>Marking and Submission of Exhibits</u>

The parties are to contact Aaron Blazevich, at 702-464-5421, no less than five calendar days before the evidentiary hearing, to arrange to mark and submit exhibits.

The Court will not look favorably upon any motion to extend this schedule.

Dated this __6__ day of November, 2017.

_____
UNITED STATES DISTRICT JUDGE