UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK ROGERS,<br><br>                 Petitioner,<br><br>   v.<br><br>TIMOTHY FILSON, *et al.*,<br><br>                 Respondents. | Case No. 3:02-cv-00342-GMN-VPC<br><br>ORDER |

    In this habeas corpus action, the Court has granted the petitioner, Mark Rogers, an evidentiary hearing with respect to Ground 5 of Rogers' second amended habeas petition. *See* Order entered November 6, 2017 (ECF No. 215); Order entered November 28, 2017 (ECF No. 217). The evidentiary hearing is now scheduled to commence on October 22, 2018, and the Court has approved a schedule for the parties' pre-hearing preparations. *See* Order entered March 14, 2018 (ECF No. 222).

    On June 20, 2018, Rogers filed a motion (ECF No. 223) requesting an order of the Court directing the respondents to disclose to him his medical and institutional records held by the Nevada Department of Corrections. In that motion, Rogers' counsel states that they have consulted with mental health experts in preparation for the evidentiary hearing, and the experts have requested up-to-date records from the prison related to Rogers' functioning. According to Rogers' counsel, as a result of Rogers' mental illness, counsel have been unable to obtain signed releases from Rogers authorizing disclosure of the records. Rogers' counsel states that Respondents are unwilling to disclose the

1

1 records without either signed releases or a court order. Rogers' counsel, therefore, seek
2 an order from this Court requiring Respondents to disclose Rogers' records to them in
3 advance of the upcoming evidentiary hearing. *See* Motion (ECF No. 223); Declaration of
4 Heather Fraley, Exhibit 1 to Motion (ECF No. 223-1).

Upon a motion by Rogers (ECF No. 224), the Court set an expedited schedule for the briefing of his motion for disclosure of his records. *See* Order entered June 25, 2018 (ECF No. 225).

Respondents filed an opposition to Rogers' motion (ECF No. 226) on June 29, 2018. Respondents argue that Rogers does not show the records in question to be relevant to the issues to be addressed at the evidentiary hearing. Respondents also argue that state and federal law prevents the disclosure of Rogers' prison records to his attorneys without his written consent. *See* Opposition to Motion (ECF No. 226).

Rogers' counsel filed a reply (ECF No. 227) on July 2, 2018. Rogers' counsel reiterate that they believe their inability to obtain a signed release from Rogers is a function of his mental illness – counsel reportedly have not been able to meet with Rogers in person for several years, as he will not come out of his cell for visits. Rogers' counsel state, further, that their intention is that, if the records are produced, their experts will review the records, but that they do not intend to seek to introduce the records into evidence at the evidentiary hearing. *See* Reply (ECF No. 227).

The Court determines that there is good cause for the disclosure of Rogers' medical and institutional records, held by Respondents, in advance of the evidentiary hearing, as those records could have a bearing on Rogers' experts' opinions regarding issues to be considered at the hearing. *See* Rule 6 of Rules Governing Section 2254 Cases in the United States District Courts ("A judge may, for good cause, authorize a party to conduct discovery ….").

The Court determines, further, that Respondents have not made a showing that state or federal law prevents the disclosure of Rogers' prison records to his attorneys under the circumstances in this case.

The Court will grant Rogers' motion, and will require Respondents to disclose to Rogers' counsel Rogers' medical and institutional records in Respondents' custody. The Court will order that Rogers' counsel shall not disclose the subject records, other than to their employees, their experts, and employees of their experts, without further order of this Court.

**IT IS THEREFORE HEREBY ORDERED** that petitioner's Motion for Order Directing Nevada Department of Corrections to Disclose Medical and institutional Records for Mark Rogers (ECF No. 223) is **GRANTED**. Respondents shall disclose the subject records to Rogers' counsel on or before **July 12, 2018**. The parties shall confer with one another to determine the means of disclosure.

**IT IS FURTHER ORDERED** that the subject records shall not be disclosed, by Rogers counsel, other than to their employees, the experts they have retained for this action, and employees of their retained experts, without further order of this Court.

DATED THIS 6 day of July, 2018.

_____
GLORIA M. NAVARRO,
CHIEF UNITED STATES DISTRICT JUDGE