UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mark Rogers,<br>    Petitioner<br>    v.<br>William Gittere, *et al.*<br>    Respondents. | Case No. 3:02-cv-00342-GMN-WGC<br><br>Order |

In this habeas corpus action, the Court has granted the petitioner, Mark Rogers, an evidentiary hearing with respect to Ground 5 of his second amended habeas petition. *See* Order entered November 6, 2017 (ECF No. 215); Order entered November 28, 2017 (ECF No. 217). The evidentiary hearing will commence on October 22, 2018. *See* Order entered March 14, 2018 (ECF No. 222).

Rogers will appear at the evidentiary hearing from Ely State Prison (ESP) by video. *See* Order entered September 11, 2018 (ECF No. 251). Rogers' counsel has represented that one of Rogers' attorneys will be present with Rogers, at ESP, during the evidentiary hearing, to consult with him. *See* Notice filed September 18, 2018 (ECF No. 253).

On October 9, 2018, Rogers filed a "Motion Permitting Mobile Phone at Prison" (ECF No. 259). In that motion, Rogers requests that the Court order the respondents to allow his counsel to possess a mobile telephone at ESP during the evidentiary hearing, and to use it to communicate with co-counsel in the courtroom by text messages. Rogers argues that this would be the most efficient method of communication between Rogers' counsel at the prison and his counsel in the courtroom during the hearing.

Rogers' counsel state that they have requested permission from prison personnel for such use of a mobile telephone at ESP during the evidentiary hearing, but the request was denied.

Respondents filed a response in opposition to Rogers' motion on October 11, 2018 (ECF No. 263). Respondents point out that a Nevada Department of Corrections regulation limits the use of mobile telephones within Nevada prisons, and they provide a copy of the regulation. *See* Nevada Department of Corrections Administrative Regulation 144, Exhibit A to Respondents' Opposition (ECF No. 263-1). The regulation does not "prohibit" the use of mobile telephones in Nevada prisons, as Respondents characterize it (Respondents' Opposition, p. 1 (ECF No. 263, p. 1)); rather the regulation "provide[s] guidelines regarding the appropriate use of mobile devices" in the prisons. *See* Administrative Regulation 144, Exhibit A to Respondents' Opposition, p. 1 (ECF No. 263-1, p. 2). The regulation provides that the warden may approve of the use of a mobile telephone within the prison. *See id.*

Respondents identify the following security risks associated with the use of mobile telephones in the prisons: "they can be used to photograph secure areas, record confidential information, and transmit prohibited information in and out of the secure facility" and "if a cellular phone is lost or falls into an inmate's hands, it can be used to facilitate escapes and entry of weapons, drugs and other contraband into the prison." Respondents' Opposition, p. 2 (ECF No. 263, p. 2).

Respondents state that ESP "has offered a reasonable accommodation to Rogers and his defense team – access to a landline." *Id.* They assert that if Rogers' counsel in the courtroom need to contact Rogers, or apparently the attorney with him at the prison, the attorney can step out of the courtroom to speak on the telephone. *Id.* Respondents' argue that this "will allow proceedings to continue without interruption." *Id.*

Respondents argue that, as this habeas action is a civil proceeding, Rogers does not have a right to be present at the evidentiary hearing. *See id.* at 2, citing *Potter v.*

1  *McCall*, 433 F.2d 1087 (9th Cir. 1970); *McKinney v. Boyle*, 447 F.2d 1091 (9th Cir. 1971).

Rogers filed a reply on October 12, 2018 (ECF No. 264).

For this evidentiary hearing to be conducted as efficiently as possible, to effectuate Rogers' right to representation by his appointed counsel, and to allow him to meaningfully participate in the evidentiary hearing, Rogers' counsel will be allowed to possess and use a mobile telephone at ESP during this hearing. The Court is cognizant of the respondents' security concerns and has carefully considered those concerns in the context of the circumstances presented here. The Court determines that, with reasonable restrictions upon counsel's use of the mobile telephone in the prison, as set forth below, Respondents' concerns can be ameliorated, and do not outweigh the interests of the Court, and all parties, in conducting this evidentiary hearing in the most efficient and fair manner possible.

**IT IS THEREFORE ORDERED** that the petitioner's "Motion Permitting Mobile Phone at Prison" (ECF No. 259) is **GRANTED**. Respondents shall allow the petitioner's counsel to possess and use a mobile telephone at Ely State Prison during the evidentiary hearing in this case. Petitioner's counsel shall use the mobile telephone at Ely State Prison during the evidentiary hearing only for text messaging and telephone calls with co-counsel, and for no other purpose; shall not, at Ely State Prison, use the mobile telephone to take any photograph, or to make any audio or video recording; and shall, at Ely State Prison, keep the mobile telephone in his or her possession at all times, and shall not allow any other person to possess it.

DATED THIS 12 day of _____October_____, 2018.

GLORIA M. NAVARRO,
CHIEF UNITED STATES DISTRICT JUDGE