UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK ROGERS,<br><br>　　　Petitioner,<br><br>　　v.<br><br>JAMES DZURENDA, *et al.*,<br><br>　　　Respondents. | Case No. 3:02-cv-00342-GMN-WGC<br><br>**ORDER** |

In this habeas corpus action, on September 24, 2019, the Court entered an order and amended judgment granting, in part, Mark Rogers' second amended habeas petition. *See* Order entered September 24, 2019 (ECF No. 286); Amended Judgment (ECF No. 287). The amended judgment stated:

> … Respondents shall either (1) within 90 days from the date of the order (ECF No. 286), vacate Petitioner's judgment of conviction and adjudge him not guilty by reason of insanity, and adjust his custody accordingly, consistent with Nevada law, or (2) within 90 days from the date of the order, file a notice of the State's intent to grant Petitioner a new trial and, within 180 days from the date of the order, commence jury selection in the new trial.

Amended Judgment (ECF No. 287), p. 1. The amended judgment was stayed "pending the conclusion of any appellate or certiorari review in the Ninth Circuit Court of Appeals or the United States Supreme Court, or the expiration of the time for seeking such appellate or certiorari review, whichever occurs later." *Id.* at 2.

After the Ninth Circuit Court of Appeals affirmed the amended judgment (ECF No. 295), and the time for Respondents to petition the United States Supreme Court for certiorari expired, the parties twice stipulated to extend the schedule for Respondents to comply with the amended judgment. Stipulated First Extension of Time for Compliance (ECF No. 299); Stipulated Second Extension of Time for Compliance (ECF No. 301). The Court approved those stipulations as presented by the parties. Order entered

1  August 8, 2022 (ECF No. 300); Order entered October 14, 2022 (ECF No. 302). The
2  stipulations resulted in a due date of November 28, 2022, for Respondents to give
3  notice of the State's intent to grant Rogers a new trial, and a due date sixty days later to
4  commence jury selection in the new trial. *Id*.
5  　　　On November 28, 2022, Respondents gave timely notice of the State's intent to
6  grant Rogers a new trial (ECF No. 303). The deadline to commence jury selection in the
7  new trial was then January 27, 2023. That deadline was subsequently extended, upon a
8  motion by Respondents, to February 9, 2024 (ECF No. 305).
9  　　　On February 2, 2024, Respondents filed a motion for extension of time,
10 requesting that the deadline to commence jury selection in Rogers' new trial be
11 extended by 120 days, to June 8, 2024 (ECF No. 307 ("Motion")). As June 8, 2024, will
12 be a Saturday, the Court treats Respondents' motion as seeking an extension of 122
13 days, to June 10, 2024.
14 　　　Respondents have filed exhibits showing that the delay of the commencement of
15 Rogers' retrial has been caused by proceedings in state court regarding whether
16 Rogers is competent to stand trial. *See* Exhibits in Support of Motion, ECF No. 308. The
17 state court held a competency hearing on December 7, 2023, and, in an order filed on
18 December 12, 2023, determined that Rogers is incompetent, with no substantial
19 probability of attaining competency in the foreseeable future, and that he is a danger to
20 himself and the community. *See* Order Pursuant to NRS 176.425, Exhibit 22 (ECF No.
21 308-22). The state court dismissed the criminal proceedings against Rogers and
22 granted the State time to file a motion to commit Rogers pursuant to NRS 178.461. *Id*.
23 The State filed a motion to commit on December 20, 2023 (ECF No. 308-23) and
24 Rogers filed an opposition to that motion (ECF No. 308-24), and the motion is pending
25 before the state court.
26 ///
27 ///
28 ///

Respondents' counsel represents that Rogers, who is represented by appointed counsel, does not oppose the extension of time for commencement of his retrial. Motion, p. 7.

The Court determines that Respondents' motion for extension of time is made in good faith and not solely for the purpose of delay, and that there is good cause for the extension of time.

**IT IS THEREFORE ORDERED** that Respondents' Unopposed Motion for Enlargement of Time to Commence Retrial (ECF No. 307) is **GRANTED**. The time for commencement of Petitioner's new trial, under the amended judgment in this action (ECF No. 287), is extended to, and including, June 10, 2024.

DATED THIS 9 day of February, 2024.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE