UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARK ROGERS,

    Petitioner,

v.

JAMES DZURENDA, *et al.*,

    Respondents.

Case No. 3:02-cv-00342-GMN-WGC

**ORDER**

In this habeas corpus action, on September 24, 2019, the Court granted, in part, Mark Rogers' second amended habeas petition. *See* ECF Nos. 286, 287). The amended judgment stated:

> … Respondents shall either (1) within 90 days from the date of the order (ECF No. 286), vacate Petitioner's judgment of conviction and adjudge him not guilty by reason of insanity, and adjust his custody accordingly, consistent with Nevada law, or (2) within 90 days from the date of the order, file a notice of the State's intent to grant Petitioner a new trial and, within 180 days from the date of the order, commence jury selection in the new trial.

ECF No. 287 at 1. The Ninth Circuit Court of Appeals affirmed (ECF No. 295), and the time to petition the Supreme Court for certiorari expired.

On November 28, 2022, Respondents filed a timely notice of intent to retry Rogers (ECF No. 303). Then, however, the schedule for Respondents to commence the retrial was extended repeatedly, in large part, apparently, because of the question whether Rogers was competent to stand trial. *See* ECF Nos. 299, 301, 305, 307, 309.

On June 6, 2024, Respondents filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). ECF No. 310. Rogers, represented by appointed counsel, has filed a response to that motion (ECF No. 314), and Respondents have replied (ECF No. 315). The Court will grant Respondents' motion.

Respondents show—without dispute by Rogers—that the following has occurred since they gave notice of their intent to retry Rogers. The state district court in which Rogers would be tried, Nevada's Eleventh Judicial District Court, conducted competency proceedings and determined that Rogers "is incompetent with no substantial probability of attaining competency in the foreseeable future because he suffers from chronic schizophrenia ..." ECF Nos. 307 at 2–3, 310 at 2; *see also* ECF Nos. 308-11, 308-13, 308-22. The district attorney filed a motion to commit Rogers, a risk assessment was conducted, and the court found that Rogers is a danger to himself or others. ECF Nos. 307 at 2–3, 310 at 2; *see also* ECF Nos. 308-22, 311-8, 311-13. The court dismissed the criminal case against Rogers and remanded Rogers to the custody of the Lake's Crossing Center, a forensic mental health facility. ECF Nos. 307 at 2–3, 310 at 2; *see also* ECF Nos. 308-22, 311-13. The court ordered Rogers "committed to the custody of the Administrator of Lake's Crossing … to be kept under observation until [Rogers] is eligible for conditional release pursuant to NRS 178.463 or until the maximum length of commitment described in subsection 4 or 7 has expired." ECF No. 311-13 at 3. The court ordered that a review of Rogers' commitment is to be conducted every twelve months. *Id*.at 4. Rogers appealed the commitment order, not challenging the commitment itself, but only arguing that he is entitled to receive credit for time served toward the length of the commitment. ECF No. 310 at 3; *see also* ECF No. 311-18. That appeal remains pending. ECF No. 310 at 3. On February 7, 2024, Rogers was released from the custody of the Nevada Department of Corrections and transferred to Lake's Crossing. ECF No. 310 at 2; *see also* ECF Nos. 311-15, 311-16.

Under Federal Rule of Civil Procedure 60(b)(5), a moving party may be granted relief from a judgment where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." And, under Rule 60(b)(6), a federal court may grant relief from a judgment for "any other reason that justifies relief." Rule 60(b) codifies the inherent authority of the court, "in its discretion, [to] take cognizance of

changed circumstances and relieve a party from a continuing decree." *Gilmore v. California*, 220 F.3d 987, 1007 (9th Cir. 2000). Relief under Rule 60(b) is warranted if there is a significant change either in the factual circumstances or in the law. *Harvest v. Castro*, 531 F.3d 737, 748–49 (9th Cir. 2008) (as amended July 9, 2008).

In this case, the circumstances have changed since the amended judgment was entered: the state court has determined that Rogers is incompetent to stand a retrial and that he poses a danger to himself or others; the criminal case against Rogers has been dismissed; Rogers has been released from the custody of the Nevada Department of Corrections; and Rogers has been transferred to a forensic mental health facility under a civil commitment order. Under these changed circumstances, this Court determines that the amended judgment has been satisfied.

Rogers is no longer in custody under the judgment of conviction that this Court ruled to be in violation of his federal constitutional rights. Rather, Rogers is now in custody, at a forensic mental health facility, under a civil commitment order. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). That has taken place in this case. Rogers has been released from illegal custody.

In his response to Respondents' motion, Rogers states that he "agrees with the spirit of the State's motion," but asserts that "maintaining a deadline to commence jury selection [would ensure] that, should Rogers become competent, the State will comply with this Court's grant of federal habeas relief." ECF No. 314. But Rogers makes no argument that, if he becomes competent, he would be returned to custody under the judgment of conviction ruled illegal by this Court. And, regarding the timing of a retrial of Rogers, if Rogers becomes competent, that will presumably be governed by state law, and Rogers does not explain why it would be necessary, or even appropriate, under the changed circumstances, for this Court to control that timing.

1     If Rogers is somehow returned to custody under the judgment of conviction held
2 to be unconstitutional, Rogers may move to reopen this case and enforce the judgment.
3     **IT IS THEREFORE ORDERED** that Respondents' Motion for Relief from
4 Judgment (ECF No. 310) is **GRANTED**. The judgment in this case has been satisfied.
5     **IT IS FURTHER ORDERED** that Respondents' Motion for Enlargement of Time
6 to Commence Retrial (ECF No. 312) is **DENIED** as moot.

DATED THIS 15 day of _____July_____, 2024.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE